FILED
SUPERIOR COURT
OF GUAM

2014 SEP 22 PM 4: 57

CLERK OF COURT
By:_____

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

JOHN ANTHONY GALLO,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CF 0213-13

**DECISION AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 25, 2014 on Defendant's Motion to Suppress. Alternate Public Defender Stephen P. Hattori represents Defendant and Assistant Attorney General James C. Collins represents the Government. For the reasons set forth below, the Court denies the Motion.

## BACKGROUND

Per the Indictment returned on May 3, 2013, Defendant is charged with three counts of delivery of a schedule I controlled substance and one count of possession of a Schedule I controlled substance with intent to deliver. The charges stem from the execution of a search warrant subsequent to a series of controlled purchases of marijuana made in the course of a joint investigation conducted by the Air Force Office of Special Investigations and the Guam Police Department (GPD).

On May 13, 2014, Defendant filed his Motion. Defendant argues that the search warrant violated the Fourth Amendment's requirement that warrants "particularly describe the place to be searched and the things to be seized" because "[t]he warrant was for the wrong unit on the

ORIGINAL

wrong street in the wrong apartment complex." Based on the alleged defective description of the premises, Defendant seeks suppression of "all evidence seized as a result of the search" as well as "all evidence obtained subsequent to the search" by virtue of the "doctrine of the fruit of the poisonous tree."

On May 14, 2014, the Government filed its Opposition. The Government acknowledges the Fourth Amendment principles set forth by Defendant, but contends that the "search warrant, and the accompanying affidavit, described the place to be search[ed] with sufficient particularity to pass constitutional muster." In particular, the Government points out "that the mere presence of typos and technical defects in a warrant would not be fatal where other information provided a sufficient basis to show that the search conducted was not random or mistaken." The Government further asserts that "[t]he physical description of the apartment building, and the location of the individual apartment which was searched within that building, were all accurate, and sufficient to describe the apartment with particularity."

On June 25, 2014, the Court received testimony from GPD Officer Jimmy B. Manglona (Officer Manglona) and Defendant, heard oral argument, and took the matter under advisement.

## DISCUSSION

The Fourth Amendment, made applicable to Guam via the Organic Act, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV; 48 USC § 1421b(c); People v. Johnson, 1997 Guam 9, ¶ 4. "The test for determining the validity of a warrant is whether the warrant describes the place to be searched with 'sufficient particularity to enable law enforcement officers to locate and identify the premises with reasonable effort,' and whether any reasonable probability exists that the officers may mistakenly search another premise." United States v. Mann, 389 F.3d 869, 876 (9th Cir. 2004) (quoting United States v. Turner, 770 F.2d 1508, 1510 (9th Cir. 1985)); see also Steele v. United States, 267 U.S. 498, 503 (1925) ("It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended."). Importantly, "not every defect in a search warrant compels suppression of evidence seized pursuant to the warrant." Turner, 770 F.2d at 1510 (citing United States v. McCain, 677 F.2d 657, 660 (8th Cir. 1982)).

Air Force agents, with the assistance of a confidential informant, investigated Defendant's alleged possession and distribution of marijuana. Through the cooperation of the Air Force and GPD, Officer Manglona was present at Defendant's residence for a controlled purchase, although Officer Manglona did not witness the exchange itself because he observed from a distance and the exchange occurred inside the residence. Based on information gleaned from Air Force agents as well as from his own presence at the purchase, Officer Manglona submitted a sworn affidavit for a search warrant. The affidavit provided:

> I believe that a search of the residence and vehicles, at the [Defendant's] Apartment (#12) which is identified as the New Polynesian Apartments further described as being a three story, six plex, concrete Apartment complex color brown and white located of off Frank H. Cushing Way, Tumon, Guam. [Defendant's] Apartment is on the first floor, facing west towards Tumon Bay. According to [Air Force Special Agent] Wynn and the CI, there is a #12 affixed to the front of the side entrance door of the Apartment. There is also a front sliding glass door most customers gain access through to consummate the purchase of Marijuana. This sliding glass door also faces west towards the Tumon Bay and is fronting the parking lot. I believe that a search of [Defendant's] Apartment will reveal the following items[.]

The search warrant likewise identified Defendant and described his residence as follows: "Frank H. Cushing Way, # 12 New Polynesian Apartments, Tumon, Guam, a three story, six plex, concrete Apartment complex color white and brown, Apt # 12 faces west and is located on the first floor." Officer Manglona was present for the execution of the warrant.

Defendant's Motion is premised on the fact that his actual address is 178A Bamba Street, unit B12, in the San Vitores Village Condo complex. The warrant otherwise accurately described Defendant's residence and, despite the discrepancy between the warrant address and the actual address, Officer Manglona denied that GPD officers attempted to execute the warrant at any other residence or experienced any difficulty in finding Defendant's residence. In addition, there is no signage indicating the name of the street or apartment complex; Frank H. Cushing Way is opposite Bamba Street, though nearby signage identifies only the former.

Defendant emphasizes the incorrect address used by Officer Manglona in seeking the search warrant. An incorrect address, however, is insufficient by itself to warrant suppression. See United States v. Williams, 687 F.2d 290, 292-93 (9th Cir. 1982) ("The practical accuracy rather than the technical precision governs in determining whether a search warrant adequately

describes the premises to be searched."). The facts presented are closely analogous to cases in which suppression was unwarranted notwithstanding an incorrectly stated address. See Mann, 389 F.3d at 876-77 ("Despite the technically misstated address, two of the agents executing the warrant personally knew which premises were intended to be searched[.]"); United States v. Gitcho, 601 F.2d 369, 371–72 (9th Cir. 1979) (suppression inappropriate even though warrant provided incorrect address because agents had surveilled residence and incorrect address was reasonable mistake in light of street and building orientation); United States v. Durk, 149 F.3d 464, 465-66 (6th Cir. 1998) (collecting cases and concluding that warrant sufficiently described defendant's residence despite inaccuracies). Critically, the instant situation is readily distinguishable from the case cited by Defendant, United States v. Collins, 830 F.2d 145 (9th Cir. 1987), in which police searched the wrong home because they "got the street address wrong twice" and "got the sides of the street wrong once" and "did not have a physical description that brought them to the right place."

Officer Manglona was the affiant and was present for both the controlled purchase and the execution of the warrant. Moreover, the warrant accurately described the premises and signage in the area made it difficult to ascertain the correct address and building name. The mistaken address in this case was reasonable and, in light of Officer Manglona's personal knowledge and the otherwise accurate description, the Court concludes warrant described the place to be searched with sufficient particularity to enable law enforcement officers to locate and identify the premises with reasonable effort and no reasonable probability existed that the officers would have mistakenly searched another residence. The Court, accordingly, denies Defendant's Motion.

## CONCLUSION

In light of the foregoing, the Court DENIES Defendant's Motion to Suppress. Trial Setting is set for October 7, 2014 at 2:00 P.M.

**IT IS SO ORDERED** this day of September 22, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG ; APD ;

Date: ___ Time: ___

Deputy Clerk, Superior Court of Guam

ORIGINAL